**UNITED STATES COURT OF INTERNATIONAL TRADE**
BEFORE: UNASSIGNED

| | |
|---|---|
| FCMT, INC. | Court No. 21-00242 |
| Plaintiff, | |
| v. | |
| UNITED STATES, | |
| Defendant. | |

# COMPLAINT

Plaintiff, FCMT, INC. ("FCMT"), by and through its undersigned attorneys, for its Complaint against Defendant, the United States, does hereby state and allege as follows:

## CAUSE OF ACTION

1. This action is commenced to contest the deemed denial of FCMT's protest of United States Customs and Border Protection's ("Customs") determination, at liquidation, of the appraised value of certain merchandise that Plaintiff imported into the United States.

## JURISDICTION AND STANDING

2. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1581(a). All liquidated duties, taxes and fees were paid prior to the commencement of this action.

Court No. 21-00242

3.      FCMT was responsible for clearing the goods through Customs, paying all duties, taxes and fees imposed by reason of the goods' importation, and transporting the goods to a location in Los Angeles County in California.

4.      At liquidation, Customs appraised the merchandise not based on transaction value but instead based on an unknown method of appraisement.

5.      FCMT timely protested the liquidation of its entries, and, following the denial of its protests, initiated this action.

6.      After Customs' appraising officer's value advance of 198%, another Customs officer later determined the entered value should be increased by approximately 148%.

7.      Customs did not provide any support for the increased value, such as the value of identified or similar apparel, or identify the method of appraisement it used to value advance the goods.

## COUNT I
### (Failure to Use Transaction Value)

8.      Paragraphs 1 through 7 of this Complaint are restated and re-alleged as though fully set forth herein.

9.      Pursuant to 19 U.S.C. § 1401a(b), the principal basis of appraisement, for customs purposes, for goods imported into the United States is its "transaction value," which is defined as the "price actually paid or payable for the merchandise

Court No. 21-00242

when sold for exportation to the United States" plus certain statutory additions including, for example, the value of packing costs and inland transportation to the port of exportation.

10. In the absence of transaction value, the goods must be appraised under a different basis as set forth in 19 U.S.C. § 1401a, according to available information.

11. On information and belief, there were no sales of identical or similar merchandise from China to unrelated purchasers for exportation to the United States, so the goods cannot be appraised pursuant to U.S.C. § 1401a(c).

12. FCMT is not the producer of the goods and does not have sufficient information to declare or permit the determination of a computed value in accordance with 19 U.S.C. § 1401a(e).

13. Given none of the other methods of appraisement can be used, the merchandise is subject to appraisement based on transaction value.

### COUNT II
### (Arbitrary and Fictitious Appraisement)

14. Paragraphs 1 through 13 of this Complaint are restated and incorporated by reference as though fully set forth herein.

Court No. 21-00242

15.  Section 402(f)(2)(G) of the Tariff Act of 1930, as amended, provides that imported merchandise may not be appraised, for purposes of duty assessment, based on "arbitrary or fictitious values".

16.  The values used by Customs to appraise FCMT's merchandise at liquidation were based upon multiplying the entered values by arbitrary uplift of unknown origin.

17.  On information and belief, the values used by Customs to appraise the plaintiff's merchandise at liquidation were not based on adaptation of the methods of appraisement set out in 19 U.S.C. § 1401a(f).

18.  The values used by Customs to appraise the plaintiff's merchandise at liquidation were not based on sales of merchandise for exportation to the United States, sales of identical or similar merchandise for export to the United States, computed or deductive value, or any other method of appraisement allowed under 19 U.S.C. § 1401a.

19.  The values used by Customs to appraise FCMT's merchandise at liquidation were arbitrary and fictitious values, rendering the appraisement unlawful pursuant to 19 U.S.C. § 1401a(f)(2)(G).

Court No. 21-00242

## COUNT III
### (Inconsistent Appraisement)

20. Paragraphs 1 through 19 of this Complaint are restated and incorporated by reference as though fully set forth herein.

21. After liquidation of these entries, another office within Customs appraised FCMT's merchandise by multiplying the entered value by 148%, which is in direct opposition to Customs' earlier higher appraisement at liquidation.

## PRAYER FOR RELIEF

WHEREFORE, FCMT prays that this Court enter judgment in its favor; and direct the Port Director of Customs at Los Angeles, California to reliquidate the entries at the rate and amount of duty set forth in the entries, and to refund to FCMT such excess duty as assessed upon liquidation, together with interest as provided by law; and furnishing FCMT such additional and further relief as the Court may deem just.

Dated: May 29, 2025            Respectfully submitted,

                    By:    /s/ Elon A Pollack
                           Elon A. Pollack, Esq.
                           Stein Shostak Shostak Pollack & O'Hara
                           Attorneys for Plaintiff
                           445 South Figueroa Street, Suite 2388
                           Los Angeles, California 90071
                           Telephone: (213) 630-8888
                           Fax: (213) 630-8890
                           E-Mail: elon@steinshostak.com

5